UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 00-6808
MAGISTRATE JUDGE

CIV-SEITZ

MAGISTRATE JUDGE
GARBER

ADVOCATES FOR THE DISABLED, INC., a Florida not-for-profit corporation, LYLE WALENDY, Individually, and ERNST ROSENKRANTZ, Individually,

Plaintiff(s),

vs.

7100 PINES PLAZA, INC., a Florida corporation,

Defendant(s).

______________________________/

**COMPLAINT**
(Temporary and Permanent Injunctive Relief Demanded)

Plaintiffs, ADVOCATES FOR THE DISABLED, INC., a Florida not-for-profit corporation, LYLE WALENDY, Individually, and ERNST ROSENKRANTZ, Individually, (sometimes jointly referred to herein as "Plaintiff"), sue the Defendant(s), 7100 PINES PLAZA, INC., a Florida corporation, (sometimes jointly referred to as "Defendant") for Injunctive Relief, Attorneys' Fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq, ("ADA").

**JURISDICTION AND VENUE**

1. This action arises from a violation of Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181, et seq. as more fully set forth herein. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

2. Venue lies in this district as the property which is the subject matter of this claim is located in this judicial district, and the Defendant is doing business in this judicial district.



#1

FULLER MALLAH & ASSOCIATES, P.A., ATTORNEYS AT LAW, PENTHOUSE 802, 1111 LINCOLN ROAD MALL, MIAMI BEACH, FLORIDA 33139-2493, (305) 538-6483

## STATUTORY BACKGROUND

3. On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of the goods, services, facilities, privileges, and access to places of public accommodation.

4. Pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), no place of public accommodation shall discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

5. The effective date of Title III of the ADA was January 26,1992, or January 26,1993, if the Defendant has ten(10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. 12181; 28 CFR 36.508(a)

## THE PARTIES AND STANDING

6. Plaintiff, ERNST ROSENKRANTZ is a Florida resident, is sui juris and qualifies as an individual with disabilities as defined by the ADA. He was afflicted with Polio in 1945 and ambulates by wheelchair.

6a. ROSENKRANTZ is president of ADVOCATES FOR THE DISABLED, INC. a Florida not for profit corporation.

6b. ROSENKRANTZ maintains his primary residence in South Florida and a secondary residence in North Carolina. He travels extensively by automobile throughout the South Eastern United States.

6c. ROSENKRANTZ'S role as a member of ADVOCATES and as its president is to seek

enforcement and compliance with the ADA throughout the area where members of ADVOCATES live and travel so that they and himself can avail themselves of the facilities, services and goods available to the public at large without discrimination based upon barriers to access.

6d. Members of ADVOCATES live throughout Florida and desire to avail themselves of facilities open to the general public in Florida .

6e. ROSENKRANTZ was aware of the Defendant's non-compliance, through members of ADVOCATES who prior to the filing of the lawsuit have been to the Defendant's property. ROSENKRANTZ has remained aware of the property's continuing non-compliance since the filing of the lawsuit.

6f. Plaintiff, LYLE WALENDY is a Florida resident, is sui juris and qualifies as an individual with disabilities as defined by the ADA. LYLE WALENDY has visited the property which forms the basis of this lawsuit. He plans to return to the property to avail himself of the goods and the services offered to the public at the property.

6j. The barriers to access at the property described below have effectively denied or diminished LYLE WALENDY's ability to visit the property and have endangered his safety. Those barriers to access involving parking and path of travel at this property have posed a risk of injury to LYLE WALENDY by causing him to not have enough room to negotiate his way out of the parking space or by not having a proper path of travel from parking to the facility. He and other members of ADVOCATES FOR THE DISABLED, INC., who have been and want to continue to go to the property face the risk of not being seen by an oncoming automobile when exiting from a parking space without a properly designated access aisle or

face the difficulty of gaining entry into the premises without a proper ramp. Every other barrier to access as described in this complaint causes LYLE WALENDY and other members of ADVOCATES FOR THE DISABLED, INC., similar risk of injury, embarrassment or discomfort .

6k. LYLE WALENDY lives in proximity to the defendant's 7100 PINES PLAZA. He has been to the property prior to the filing of this action and desires to visit the property again to use the goods and services available at the property. LYLE WALENDY is a member of ADVOCATES.

6l. ROSENKRANTZ, LYLE WALENDY and the members of the class of disabled individuals who are the members of ADVOCATES have a realistic, credible, existing and continuing threat of discrimination from the defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 13 of this complaint.

6m. ROSENKRANTZ and LYLE WALENDY desire to visit the defendant's property not only to avail themselves of the goods and services available at the property but to assure themselves that this property is in compliance with the ADA so that they and the members of ADVOCATES will have full and equal enjoyment of the property without fear of discrimination.

6n. ROSENKRANTZ, LYLE WALENDY and members of ADVOCATES cannot visit or use this property without risk of injury, embarrassment or discomfort so long as these barriers to access remain.

6o. In addition, all persons with similar disabilities to LYLE WALENDY and ROSENKRANTZ,

including the members of ADVOCATES, will be denied access to the property based on the same barriers to access.

7. Plaintiff, ADVOCATES FOR THE DISABLED, INC. is a non-profit Florida corporation. The members of this organization include individuals with disabilities as defined by the ADA. This organization's purpose is to represent it's members interests by assuring that places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. ADVOCATES, and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until Defendant is compelled to comply with the requirements of the ADA. ADVOCATES has also been discriminated against because of its association with its disabled members and their claims.

8. Plaintiffs have reasonable grounds to believe that they are and will continue to be subjected to discrimination in violation of the ADA by the Defendant.

9. Defendant, owns; or leases; or leases to; or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as 7100 PINES PLAZA and is located at: 7100 Hollywood Boulevard, Pembroke Pines, Florida.

## THE INSTANT CLAIM

10. Defendant is required to remove architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to

January 26,1992, 28 CFR § 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26,1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26,1993 as defined in 28 CFR 36.401 then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

11. Appendix A to Part 36- Standards for Accessible Design (28 CFR pt. 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

12. Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. 12181 et seq., and 28 CFR 36.302 et seq. as described below.

13. Defendant has discriminated and is discriminating against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities as described below by January 26,1992 (or January 26,1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less): See attached photos Plaintiffs' Exhibits 1 through 7.

**A. PARKING:**

1. There are approximately 180 standard parking spaces and 4 are designated as disabled accessible, however the disabled spaces are out of compliance. There are no access aisles and no van accessible sign and no fine signs posted in violation of section 4.6.3, 4.6.4, and 4.3.2. (See photos #1 and #2).

B. **ENTRANCE ACCESS AND PATH OF TRAVEL:**

1. Thresholds exceed the maximum height in violation of section 4.13.8 of the ADAAG. (See photos #3 and #4).

C. **RAMPS:**

1. Ramps are uneven with no smooth transition in violation of section 4.8.1 of the ADAAG. (See photos #5 thru #7).

14. The discriminatory violations described in Paragraph 13 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the discriminatory acts violating the ADA.

15. The correction of these violations of the ADA is readily achievable or the Defendant is obligated to have its place of public accommodation readily accessible as defined by the ADA

16. Plaintiffs have retained the undersigned counsel and are obligated to pay reasonable Attorneys' Fees including costs and expenses incurred in this action. Plaintiffs are entitled to recover these Attorney's Fees, costs and expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

17. Notice to Defendant is not required as a result of the Defendant's failure to cure the



FULLER MALLAH & ASSOCIATES, P.A., ATTORNEYS AT LAW, PENTHOUSE 802, 1111 LINCOLN ROAD MALL, MIAMI BEACH, FLORIDA 33139-2493, (305) 538-6483

violations by January 26,1992 (or January 26,1993 if Defendant has 10 or fewer employees and gross receipts of $ 500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

18. Plaintiffs are without adequate remedy at law and are suffering irreparable harm.

19. Pursuant to 42 U.S.C. 12188, this Court is provided authority to grant Plaintiffs Injunctive Relief including an order to alter the Defendant's facility to make those facilities readily accessible to the Plaintiffs and all other persons with disabilities as defined by the ADA ; or by closing the facility either temporary or permanently until such time as the defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

a. A temporary injunction and a permanent injunction providing for injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility ;or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA.

b. An award of Attorney's Fees, costs and litigation expense pursuant to 42 U.S.C. 12205.

c. Such other relief as the Court deems just and proper.

Respectfully submitted,

**FULLER, MALLAH AND ASSOCIATES, P.A.**
Attorney for Plaintiffs
1111 Lincoln Road, Suite 802
Miami Beach, FL 33139
(305) 538-6483 - Dade
(954) 463-6570 - Broward
(305)534-9894 - Fax

By______________________________
John D. Mallah, Esquire,ESQ.
Florida Bar No.: 457760

W:\WPDocs\A.D.A\7100 PINES PLAZA\Complaint(mm).wpd



PHOTO #1

PLAINTIFF'S EXHIBIT 1



PHOTO #2

PLAINTIFF'S EXHIBIT



PHOTO #3

PLAINTIFF'S EXHIBIT



OTO #4






PHOTO #5

PLAINTIFF'S
EXHIBIT
5



PHOTO #6

PLAINTIFF'S EXHIBIT



PHOTO #7

PLAINTIFF'S EXHIBIT

# CIVIL COVER SHEET 00-6808

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CIV-SEITZ

MAGISTRATE JUDGE GARBER

**I (a) PLAINTIFFS**

ADVOCATES FOR THE DISABLED, INC., a Florida not-for-profit corporation, LYLE WALENDY, individually, ERNST ROSENKRANTZ, individually,

**DEFENDANTS**

7100 PINES PLAZA, INC., a Florida corporation

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF BROWARD
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT BROWARD
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ABROWARDOOCV6808/PAS/BLG

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
FULLER, MALLAH & ASSOCIATES, P.A.
1111 Lincoln Road Mall, Suite 802
Miami Beach, FL 33139

ATTORNEYS (IF KNOWN)

(d) CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C.Sec. 12181, seeking injunctive releif for violation of Title III of the Americans with Disabilities Act.

IVa. 2 days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

A CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B
- ☐ 153 Recovery of Overpayment of Veteran's Benefits B
- ☐ 160 Stockholder's Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

A TORTS — PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending B
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

B FORFEITURE PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

A LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor Management Relations B
- ☐ 730 Labor Management Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Ret. Inc. Security Act B

A BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

A PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

B SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

A FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

A OTHER STATUS
- ☐ 400 States Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc. B
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12USC
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions * A or B

A REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure B
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

A CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☒ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

B PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General *
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other *
- ☐ 550 Civil Rights *A or B

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23 — DEMAND $ — Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE ______ DOCKET NUMBER ______

DATE 6/1/00 SIGNATURE OF ATTORNEY OF RECORD [signature]

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 823603 Amount: 150.00
M/ifp: ______
Date Paid: 06/14/00